# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| HELEN SUZANNE DEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV218-069 |
| | ) | |
| MEDICAL DEPOT, INC. d/b/a | ) | |
| DRIVE DEVILBISS HEATHCARE; | ) | |
| HL CORP. (USA), INC.; and | ) | |
| XYZ CORPS. 2-3, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

In this negligent design case, plaintiff Helen Deal seeks to compel documents which relate to the design, manufacture and distribution of" the walker that she contends caused her injuries. Doc. 27. Since filing the motion, the parties have come to several agreements. Deal has moved to withdraw her motion as to Medical Depot, Inc. (doc. 28), apparently satisfied with their out-of-court production. That request is **GRANTED**. HL Corporation, meanwhile, produced documents in its response to the motion to compel. Doc. 29. Plaintiff has filed no further response asserting that HL Corp.'s production does not fully satisfy her outstanding document production requests. It appears, therefore, that

plaintiff's motion to compel (doc. 27) is moot. Her motion is therefore **DENIED as moot**.[1]

**SO ORDERED,** this  19th   day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that, despite representing a good faith effort to resolve the dispute before seeking Court intervention had been made (*id*. at 2), the entire matter was mooted by the parties' voluntary efforts. The parties are reminded that they are expected to meet and confer in good faith to determine whether a compromise can be reached *before* seeking this Court's intervention again. *C.f.* S.D. Ga. Loc. R. 26.5(c) ("Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.").